UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIE FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-3276 (UNA) |
| | ) | |
| CITY OF MADISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motion for an injunction (ECF No. 3). The Court GRANTS the application, DENIES the motion, and for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). Plaintiff begins by alleging violation of "civil rights/constitutional/human rights" when police in Madison, Wisconsin refused to take a report on "criminal damage to property" plaintiff had stored in 2022, Compl. at 4, proceeds to claim personal injury by having been "discriminated [against] due to having a record of mental disability," *id*. at 5, and ends with a demand for an injunction barring "the City of Madison Police Department from contacting [her] via phone/email/postal mail," *id*. This action purports to be a civil rights action under 42 U.S.C. § 1983, *see id*. at 4, but the complaint's factual allegations are far too vague and conclusory to articulate a viable legal claim. An Order is issued separately.

DATE: January 8, 2024                                        CHRISTOPHER R. COOPER
                                                              United States District Judge